UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CORA GANT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-1193-JMS-TAB |
| | ) | |
| CARRIER CORPORATION, | ) | |
|     Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO FILE EXHIBITS UNDER SEAL**

On January 4, 2011, Defendant Carrier Corporation moved to enforce an alleged settlement agreement with Plaintiff Cora Gant. [Docket No. 33.] Carrier submitted evidence in support of its motion, including the purported settlement agreement. [Docket No. 34] Carrier subsequently sought leave to file this evidence under seal. [Docket No. 35.]

The Seventh Circuit has instructed that "[t]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins.*, 178 F.3d 943, 945 (7th Cir. 1999). This duty is taken seriously, and any request to seal any portion of the record will be closely scrutinized and must be rigorously justified.

In *Cincinnati Insurance*, the Seventh Circuit noted that "[t]he parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Id*. at 944. The public's interest in a transparent and predictable legal system extends to the Court's enforcement of settlement agreements. Many cases never reach the courtroom and others end without even a written opinion. As the Seventh Circuit stated in *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002), "[t]he public has an interest in knowing what terms of a settlement a federal

judge would approve and perhaps therefore nudge the parties to agree to." The Seventh Circuit has further stated that "[p]eople who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

In the case at bar, Carrier has provided no reasons why its desire for sealing overcomes the public's legitimate interest in the record compiled by this legal proceeding. The purported settlement agreement contains a confidentiality clause, which presumably is at the heart of this sealing request. But the parties' (or one party's) desire for confidentiality does not override the public's interest in open proceedings when disputes require the Court's intervention. Certainly Carrier's motion contains no authority supporting such an outcome.

**This cause is set for a pretrial conference at 1:30 p.m. on February 16, 2011, Room 234, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana.** Parties shall participate in this conference by counsel. The Court will use this conference as an opportunity to informally resolve Carrier's motion to enforce. If that motion cannot be informally resolved at that time, the Court will consider any additional arguments the parties may wish to make regarding the motion to seal. The Court will maintain the disputed exhibits under seal until that conference. However, the Court has serious reservations about the propriety of maintaining the purported settlement agreement and related documents under seal given that the Court is now being asked to enforce this purported agreement.

Dated: 01/25/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Cintra D. Bentley
SEYFARTH SHAW LLP
cbentley@seyfarth.com

Christopher J. DeGroff
SEYFARTH SHAW
cdegroff@seyfarth.com

Gregory A. Stowers
STOWERS & WEDDLE PC
gstowers@swh-law.com